# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| STEVE PRUITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-1215-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Steve Pruitt, a *pro se* prisoner, filed a habeas corpus petition [ECF No. 1] attempting to challenge the result of a parole revocation hearing that was held on October 7, 2013, at the Reception and Diagnostic Center. He argues that it was wrong for the Indiana Parole Board to have not promptly held a hearing in Lucas County, Ohio, when he was arrested and detained there. However, before the court can consider a habeas corpus petition challenging a state proceeding, the petitioner must have previously presented his claims to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Pruitt says that he has not presented his claims to any state court in any proceeding. Therefore he has not

exhausted his state court remedies and this case must be dismissed without prejudice so that he can exhaust these claims in the state courts. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

For the foregoing reasons, this federal habeas corpus petition is DISMISSED WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED on November 26, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION